FILED
FEB 24 2010
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 3:10cr14 WKW |
| v. ) | [21 USC 841(a)(1); |
| ) | 18 USC 2; |
| FLESTER LEE CROWELL, ) | 21 USC 846; |
| FRANCISO RODRIGUEZ, ) | 18 USC 924(c)(1)(a)] |
| JERRY HOLLAND, ) | |
| DIMARCUS SHELLING, ) | |
| JOSE CARRILLO, and ) | |
| PEDRO RODRIGUEZ-PALMA, ) | |
| a/k/a/ JESUS HUMBERTO MORALES ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

That on or about February 18, 2010, in Russell County, within the Middle District of Alabama, the defendants,

FLESTER LEE CROWELL,
FRANCISCO RODRIGUEZ,
JERRY HOLLAND,
DIMARCUS SHELLING,
JOSE CARRILLO, and
PEDRO RODRIGUEZ-PALMA,
a/k/a/ JESUS HUMBERTO MORALES,

each aided and abetted by the other, did knowingly and intentionally possess with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT 2

That from an unknown date, and continuing thereafter up to, on or about February 18, 2010, exact dates being known and unknown to the Grand Jury, in Montgomery County, within the Middle

District of Alabama, and elsewhere, the defendants,

FLESTER LEE CROWELL,
FRANCISCO RODRIGUEZ,
JERRY HOLLAND,
DIMARCUS SHELLING,
JOSE CARRILLO, and
PEDRO RODRIGUEZ-PALMA,
a/k/a/ JESUS HUMBERTO MORALES,

did knowingly and intentionally conspire, combine and agree together with persons known and unknown to the Grand Jury, to possess with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT 3

That on or about February 18, 2010, in Russell County, within the Middle District of Alabama, the defendants,

FLESTER LEE CROWELL,

did knowingly use and carry a firearm, during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime for which they may be prosecuted in a court of the United States, to-wit: conspiracy to possess with intent to distribute and possession with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, as set out and incorporated herein by reference from Counts 1 and 2 of the indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION - 1

A.  The allegations contained in Counts 1, 2 and 3 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

B.  Upon conviction of the offense in violation of Title 21, United States Code, Section 841(a)(1), set forth in Count 1, and Section 846 set forth in Count 2 of this indictment, the defendants,

FLESTER LEE CROWELL,<br>
FRANCISCO RODRIGUEZ,<br>
JERRY HOLLAND,<br>
DIMARCUS SHELLING,<br>
JOSE CARILLO, and<br>
PEDRO RODRIGUEZ-PALMA,<br>
a/k/a JESUS HUMBERTO MORALES,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense in violation of Title 21, United States Code, Section 841(a)(1).

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

   (1)  cannot be located upon the exercise of due diligence;

   (2)  has been transferred or sold to, or deposited with, a third party;

   (3)  has been placed beyond the jurisdiction of the court;

   (4)  has been substantially diminished in value; or

3

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION - 2

A. The allegations contained in Counts 1, 2 and 3 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), set forth in Count 3 of this indictment, the defendant,

FLESTER LEE CROWELL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to, the following:

a Derringer pistol.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

4

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Tommie Brown Hardwick
Assistant United States Attorney

_____
Susan R. Redmond
Assistant United States Attorney

5