IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | CR. NO. 3:10-cr-14-WKW |
| ) | |
| FLESTER CROWELL et. al.   ) | |

**SENTENCING MEMORANDUM**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and offers the following for the benefit of the Court:

**Background**

On February 18, 2010, DEA-Montgomery received information that between 1,000 and 1,500 lbs. of marijuana were going to be unloaded from a tractor at 107 Martin Luther King Drive in Phenix City, AL. Agents set up surveillance at the location which turned out to be the self-named auto repair business of Flester Crowell. Agents watched as a tractor-trailer arrived during the evening hours and remained parked in a garage bay for approximately one hour, while it was being unloaded.

Eventually, agents entered the property and secured the defendants (Flester Crowell, Jerry Holland, Dimarcus Shelling, Jose Carrillo, Francisco Rodriguez, and Pedro Rodriguez-Palma). Crowell was armed with a .38 caliber Derringer pistol in his pants pocket.

Crowell, after *Miranda* warnings, gave written authorization to search the business. Agents found scales, cutting tools, wrapping materials, ledgers, and 96 bales of marijuana, weighing about 12 pounds each. The marijuana was analyzed and weighed by the DEA lab in Texas.

Thru consensual interviews of defendants Holland, Shelling, Crowell, Rodriguez, and Rodriguez-Palma, the following information has been determined:

The conspiracy began sometime in 2005 and, by 2007, involved Holland, Shelling, Crowell, Jimenez, and an unnamed/unindicted co-defendant.

Basically, the unnamed co-defendant and Raul Jimenez agreed to ship by truck, and distribute, large amounts of marijuana. Jimenez would send a truck from Texas loaded with approximately 1,500 pounds per load. The marijuana would be off-loaded at the business of Crowell where individuals sent by Jimenez would unload, unwrap, count and weigh the bales in conjunction with men sent by the unnamed co-defendant. This arrangement continued thru to the date of arrest in this case.

The facts establish that Jimenez and the unnamed co-defendant were the leaders of the conspiracy, with Carrillo and Holland sharing organizational/managerial duties, representing Jimenez and the unnamed co-defendant, respectively. Specifically, Carrillo and Holland were responsible for counting and weighing the marijuana, and collecting and providing payment, respectively. Crowell's primary job was to supply the location to off-load, store and aid, if needed, in the unloading of the marijuana. Shelling's primary responsibilities were to help off-load, package and sell the marijuana. Rodriguez and Rodriguez-Palma were present to off-load the shipment.

**PreSentence Report**

The United States Probation Office for the Middle District of Alabama has correctly computed the advisory sentencing guideline ranges as to the defendants.

The government has filed a motion for the additional third point for acceptance of responsibility and appropriate motions for downward departure.

**Recommendation**

The government recommends that in fashioning appropriate sentences, the Court consider that Rodriguez-Palma and Rodriguez had minimal roles in the offense and had only participated in 2-3 off-loads.

The government further recommends that, if safety-valve is applicable pursuant to Title 18, USC, Section 3553(f), safety valve be given as to the defendants currently before the Court for sentencing on October 6, 2010.

The government would leave to the Court consideration as to whether an enhancement is warranted for the organizational roles played by Carrillo and Holland.

As for Shelling and Crowell, the government is of the opinion that they share equal culpability.

Finally, as to the objection by the defendants as to the gun enhancement, the facts clearly establish that Crowell was in possession of a firearm.

The government has no information or evidence to present to the Court that any co-defendant was aware of the firearm or that firearms had ever been used or possessed at any other time during this conspiracy.

The government would also proffer to the Court that the evidence suggests that the use of firearms was not contemplated by the conspirators as, in the only incident of "punishment" recounted as taking place within the Middle District of Alabama, a blunt object was used as the method of discipline. The government does, however, agree that a plain reading of the Guidelines requires only that a weapon is possessed during the illegal trafficking conduct to warrant the enhancement.

Respectfully submitted this the 6th day of October, 2010.

                        LEURA G. CANARY
                        UNITED STATES ATTORNEY

*/s/ Susan R. Redmond*
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: susan.redmond@usdoj.gov

4

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  3:10-cr-14-WKW |
| | ) | |
| FLESTER CROWELL, et. al. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Aimee Smith, Michael Kidd, Timothy Halstrom, Russell Duraski, Don Bethel, Susan James.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: susan.redmond@usdoj.gov

5